IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | BK05-43546 |
| | ) | |
| SHADE, INC., | ) | 4:06CV3241 |
| | ) | 4:06CV3242 |
| Debtor. | ) | ORDER |
| | ) | |

This matter is before the Court on appellant, Jack L. Irwin's ("Irwin") appeal of the bankruptcy court's denial of his motion to dismiss (4:06CV3241, Filing No. 5) and the granting of the Trustee's motion to sell property free and clear of liens, and to confirm the sale (4:06CV3242, Filing No. 6). The district court reviews a bankruptcy court's determinations of fact for clear error and its legal conclusions *de novo*. *In re Markmueller*, 51 F.3d 775, 776 (8th Cir. 1995). The district court sits as an appellate court when an appeal is taken from the bankruptcy court. *See* 28 U.S.C. § 1334. The district court may affirm, reverse or modify the bankruptcy court's ruling or remand the case for further proceedings. Fed. R. Bankr. P. 8013. The bankruptcy court's legal conclusions reviewed *de novo* and its findings of fact are reviewed under the clearly erroneous standard. *See In re Arkansas Communities, Inc.*, 827 F.2d 1219 (8th Cir. 1987). A factual finding is clearly erroneous if it is not supported by substantial evidence in the record, if it is based on an erroneous view of the law, or the reviewing court is left with the definite and firm conviction that a mistake has

been made.  *See Johnson v. Arkansas State Police*, 10 F.3d 547, 552 (8th Cir. 1993).  The bankruptcy court is a court of equity. *In re Hale*, 980 F.2d 1176, 1179 (8th Cir. 1992).

The Court has reviewed the relevant parts of the record and the parties' submissions.  The Court finds no error by the bankruptcy court.  The bankruptcy court, using its equitable powers, denied Irwin's motion to dismiss (4:06CV3241, Filing No. 5) on the grounds that Irwin had previously withdrawn a similar motion to dismiss alleging the same grounds -- lack of corporate authority -- in exchange for a financial benefit of a fixed monthly rent for the real property in which debtor's personal property was located.  The bankruptcy court held that Irwin's actions demonstrated his acquiescence to the corporation's decision to file for bankruptcy.  This Court agrees and finds no error in that regard.  Further, the Court finds that the bankruptcy court did not abuse its discretion in granting the Trustee's motion to sell property free and clear of liens (4:06CV3242, Filing No. 6), and to confirm the sale where the record established that Irwin has initially offered $52,000 to purchase the property in response to a bid of $50,000 that Irwin deemed inadequate, and where Irwin continued to bid in the auction for the property before eventually being outbid, with an eventual winning bid of $181,000, more than 3½ times what Irwin had initially offered for the property.  Accordingly,

IT IS ORDERED:

1) The United States Bankruptcy Court Chief Judge Timothy Mahoney is affirmed; and

2) The debtor's appeal is hereby dismissed.

DATED this 1st day of March, 2007.

> BY THE COURT:
>
> /s/ Lyle E. Strom
> _____
> LYLE E. STROM, Senior Judge
> United States District Court